Lin v. Holder

BIA
A076 130 704

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of December, two thousand fourteen.

PRESENT:
    DENNIS JACOBS,
    ROBERT D. SACK,
    DENNY CHIN,
        *Circuit Judges.*

_____

JIN XIANG LIN,
        *Petitioner,*

        v.                                    13-2136
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Jennifer P. Levings, Senior
                       Litigation Counsel; Jennifer R.
                       Khouri, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Xiang Lin, a native and citizen of the People's Republic of China, seeks review of the May 6, 2013, decision of the BIA denying her fourth motion to reopen. *In re Jin Xiang Lin*, No. A076 130 704 (B.I.A. May 6, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case. Because Lin does not challenge the denial of *sua sponte* reopening, we address only the denial of statutory reopening.

The BIA's denial of Lin's motion to reopen was not an abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's 2013 motion was untimely (her final administrative order was issued in 2003) and number barred (it was her fourth motion to reopen). *See* 8 U.S.C.

§ 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation does not apply to a motion "based on changed country conditions arising in the country of nationality or in the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), as the BIA concluded, Lin failed to establish changed conditions for house church Catholics arising in China.

Lin's conversion alone did not qualify as changed conditions. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Moreover, the BIA reasonably concluded that there had been no material change in the treatment of Catholics since Lin's 1999 merits hearing. *See Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) (per curiam) (evaluating whether conditions have changed from date hearing ended). Prior to the hearing, China had outlawed unregistered religious activities, harassed and detained participants in those activities, and initiated a nationwide crackdown on unregistered churches, resulting in church raids, closures, and destruction. Frequency of punishment

varied by region, but occurred in Lin's native Fujian Province.

Lin's new evidence reflected a continuance of the same. Although a 2011 Congressional-Executive Commission Report notes that "authorities' sensitivities intensified toward members of unregistered Protestant congregations," that report also states that there had not been an official change in nationwide policy. As the BIA found, Lin's remaining evidence shows that punishment continued to vary region to region, though still present in Fujian Province, and that the same tactics persisted: church closures, detention of members and leaders, and church property damage. The ChinaAid report Lin relied on reflected only a single incident of persecution in Fujian Province in 2010. Substantial evidence therefore supports the BIA's finding that Lin did not establish changed conditions for Catholics in China. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (applying substantial evidence standard of review to changed country conditions finding).

Because the evidence Lin submitted was insufficient to establish a change in conditions in China, the BIA did not abuse its discretion in concluding that she failed to meet

4

an exception to the filing deadline, and in consequently denying her motion to reopen as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk